UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jaye Priddy, | ) | CASE NO.:  __2:09-cv-02138_____ |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| The ACE Partnership of Charleston, SC, | ) | Jury Trial Requested |
| LLC, d/b/a McDonald's Hamburgers, | ) | |
| McDonald's Corporation, d/b/a/McDonald's | ) | |
| Hamburgers and McDonald's USA, LLC, | ) | |
| d/b/a McDonald's Hamburgers, | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**JURISDICTION AND PARTIES**

    1.    This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

    2.    All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

        a.    A charge of employment discrimination on basis of sexual harassment was filed with Equal Employment Opportunity Commission ("EEOC").

        b.    Notification of the Right to Sue was received from the EEOC on or about June 1, 2009.

        c.    This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

    3.    Plaintiff, Jaye Priddy, is a citizen and resident of the State of North Carolina, and resides in Iredell County, North Carolina.

    4.    All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

    5.    Defendant, The ACE Partnership of Charleston, SC, LLC, upon information and belief, is a domestic corporation operating by virtue of laws of the State of South Carolina, and at all times herein operated as a business within the State of South Carolina and the County of Charleston.

6. Defendants, McDonald's Corporation and McDonald's USA, LLC, upon information and belief, are foreign corporations and are operating by virtue of laws of the State of South Carolina, and at all times herein operated as a business within the State of South Carolina and the County of Charleston and is authorized to do regular business within South Carolina, through its subsidiary.

7. Defendants are "persons" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant are industries that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendants employ fifteen (15) or more employees and are "employers" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

12. On or about March, 2008, Plaintiff began working for Defendants, most recently as a swing manager at their North Charleston location at 8401 Dorchester Road.

13. During Plaintiff's employment with Defendants, Plaintiff was subjected to inappropriate sexual touching, advances, comments and gestures by restaurant manager Jamal "Jay" Polk, and the highest ranking person at the location were the Plaintiff was completing training and therefore, he was the "alter ego" of Defendants.

14. Plaintiff was completing training required for her position at Defendants' North Charleston location at 2150 Northwoods Boulevard when Mr. Polk pulled his penis out of his pants and forcefully grabbed Ms. Priddy's hand and put it on his exposed penis. Amongst other things, Manager Polk also grabbed Ms. Priddy's breast.

14. During the entire course of Plaintiff's employment with Defendants, Mr. Polk was acting within the scope of his employment.

15. Following Plaintiff's reports of sexual harassment to her employer, she was subjected to intimidation and continued sexual harassment.

16. Plaintiff was subjected to retaliation when she was fired on or about October 1, 2008 for reporting complaints of sexual harassment and intimidation.

2

17. Upon information and belief, the company fired the Plaintiff in an effort to foreclose the sexual harassment complaints of the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS/DISCRIMINATION

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. Defendants, as Plaintiff and Mr. Polk's employer were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In physical, visual and verbal contact by sexual advances and gestures that were repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In terminating Plaintiff in retaliation in of her reporting the sexual harassment and advances by Mr. Polk.

18. Jamal "Jay" Polk was the highest ranking person at the location where the Plaintiff was training for work and therefore, he was the "alter ego" of Defendants.

19. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendants, Plaintiff has suffered severe and permanent injuries, both physically and mentally.

20. The Defendants violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224 by retaliating against Plaintiff and allowing a hostile work environment to exist regarding sexual harassment in the workplace.

21. Defendants violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224, due to the sexual harassment and advances by the Plaintiff's co-worker.

22. As a direct and proximate result of the acts and practices of Defendants, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

23. As a direct and proximate result of the acts and practices of Defendants in the retaliatory discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
## RETALIATION

24. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

25. That the discharge of Plaintiff with Defendants was the response by Defendants, its agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. Polk including sexual harassment.

26. That the aforesaid conduct of Defendants, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

27. As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the retaliatory discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## REQUEST FOR RELIEF

28. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

30. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

<u>Jarrel L. Wigger, Esquire</u>
JARREL L. WIGGER, ESQUIRE
Federal I.D. # 6345
Attorney for the Plaintiff
8086 Rivers Avenue
North Charleston, SC  29406
(843) 553-9800

Charleston, South Carolina
The <u>13</u>th day of <u>August</u>, 2009.